United States v. New York & P. R. S. S. Co.

# UNITED STATES

*v.*

# NEW YORK & PORTO RICO STEAMSHIP COMPANY.

San Juan, Admiralty, No. 1303.

REVIEW OF. ADMINISTRATION FINE.

Immigration Law—Family.
> 1. Under the Immigration Law of 1917 the family is a legal as well as a social unit.

Ignorance of Law—Agent.
> 2. The fact that a company is agent for a foreign corporation and is ignorant that it is violating a law constitutes no defense.

Opinion filed January 8, 1920. .

*Mr. Miles M. Martin,* District Attorney, for the Government.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The facts developed by the pleadings in this case seem to be that the British steamship Guiana came to the port of San Juan about May 19, 1918, for sugar, the defendant herein acting as agent for the ship. The Guiana unexpectedly brought a French family to Porto Rico, consisting of Vernous Marcellus and Marie, his wife, and also two children, Sully and Bertin, both under ten years of age. Pending the examination of the question

whether they should be permitted to land, they were by the immigration authorities housed at a hotel at the expense of the ship. After a few days they were permitted to land. The hotel expense was about twenty-five and $^{50}/_{100}$ dollars ($25.50), and this was defrayed out of money furnished by the father of the family. The steamship in question left in due course, and upon learning from the immigration authorities that the payment of the expense should have been by the steamer, and not by the immigrant, the New York & Porto Rico Steamship Company refunded the twenty-five and 50/100 dollars to the immigrant in question. The defendant now claims that if there was a violation of the law it was technically committed and without any intention to do an unlawful act.

1. The proceeding in question is taken under the Immigration Law approved February 5, 1917, which provides in § 15 that "whenever a temporary removal of aliens is made the vessels or . . . consignees . . . shall pay all expenses of such removal and all expenses arising during subsequent detention pending decision on the aliens' eligibility to enter the United States and until they are . . . allowed to land," this including maintenance, medical treatment, and the like. [39 Stat. at L. 885, chap. 29, Comp. Stat. § 4289¼ hh, Fed. Stat. Anno. Supp. 1918, p. 225.]

Under § 18 it is unlawful for the master or consignee to fail to pay the cost of such maintenance on land, and if it shall appear to the satisfaction of the Secretary of Labor that the master or consignee has violated any such provision, such master or consignee shall pay to the collector of customs of the district in which the port of arrival is located "the sum of $300

for each and every violation of any provision of said section." The immigration authorities fixed a fine of $1,200, that is to say, $300 for each of the four members of the family, and the first question is as to the propriety of making four charges.

Apart from the social fact that a family, especially one consisting of husband, wife, and small children, constitute a unit, the Immigration Law itself all the way through contemplates the treatment of a family as a whole, allowing a man to send back for his wife and children, and the like. Rule 31 connected with the enforcement of this law, in speaking of fees of attorneys, expressly provides that "a family or party of aliens traveling together shall be regarded as constituting a single case within the meaning hereof." The "case" is where aliens apply for admission, and there the attorney is not permitted to charge more than $10. The spirit of the law would seem to be that, if a matter relating to the family as a unit constitutes one case as against an attorney representing them, the matter should also constitute one violation of the law, in this instance § 18. A good rule must work both ways.

2. The defendant company, however, goes further and claims that there should be nothing assessed at all against it, because it was ignorant of the law and did not intend to violate it, and that the defendant company itself, moreover, was acting merely as agent for the British company. But this can constitute no defense. The defendant company is acting as agent for the British company and must stand in the shoes of that company. The intention of the British company will have to be presumed to be to do whatever it actually did. It is a maxim of law too well known to need citation of authority that a person is sup-

posed to intend the results of his own acts. If it were admitted as a defense that one does not know the law, there would be few cases in which there could be punishment for violation of law. An object, if not the principal object, of criminal law, is prevention of future violations. It would seem, therefore, that the defense now set up cannot be sustained, and that the defendant must be adjudged to pay the sum of $300 for violating the provisions of the Immigration Law as to payment of expenses of an alien on shore pending examination.

It is so ordered.